C. D. BARBOUR, APPELLANT, VS. J. L. VAN CAMP, APPELLEE,

The third section of the mechanic's lien law, act of March 7th, 1877, chapter 3042, laws of Florida, which requires that "every contractor, journeyman or laborer, employed in the construction or repair of any building, etc., who intends to hold the owner liable for his labor on such building, to give notice to the owner, in writing, setting forth the amount of his claim and the service rendered, for which the employer is indebted to him, and that he holds the owner responsible for the same," was repealed by the act of February 16, 1885, chapter 3611, laws of Florida.

Whether circumstances might not require such notice not decided.

Appeal from the Circuit Court for Orange County.

The facts of the case are stated in the opinion.

*E. R. Gunby,* for Appellant.

*J. H. Allen,* for Appellee.

MITCHELL, J.: The appellee, defendant in the Court below, instituted his suit in the Circuit Court against Barbour for the enforcement of a mechanic's lien, under the act of February 16th, 1885, Chapter 3611, Laws of Florida.

The defendant pleaded, first, "never indebted;" second, "that the defendant entered into a contract with one W. M. J. Paige, for the erection and building of the house on which the plaintiff claims a lien, and that before the completion of said house, the said Paige abandoned the con-

tract and left the house incomplete and unfinished. That the defendant had paid to the said Paige all that was due him for said work, as far as it had been done, and that (he) subsequently paid to complete said house according to said contract, and before the date of the filing of the lien in this cause set out, a sum of money in excess of the sum contracted to be paid to the said Paige, and that at the time of the filing of said lien, the defendant was not indebted to his said contractor, Paige, but had paid him in full;" third, "the defendant says that the plaintiff became a partner of W. M. J. Paige, and performed all work on the defendant's house, as such partner, under the firm name of Paige & Van Camp, (and) the defendant has fully paid and discharged."

The second plea was demurred to in "that sub-contractors, material men and employees have an absolute lien."

This demurrer was sustained, the court holding, "that no notice is required to the owner other than that required by the statute of Florida, Chapter 3611, laws 1885."

The declaration was then demurred to, and the demurrer was overruled.

The cause was tried by a jury on the 10th day of August, 1887, and the jury found for the plaintiff in the sum of $140.50.

There was no error in sustaining the demurrer to the second plea upon the ground given therefor by the Court.

The first section of the act of February 16th, 1885, provides: ".That mechanics and all other persons performing labor upon, or furnishing materials for the construction or repair of any building, * * shall have a lien, separately and jointly, upon the building." * * And the third section of the act provides: "That when proceedings are brought to enforce a lien given by this act, by sub-contrac-

tors, mechanics, laborers and others, against the owner of such building or articles before enumerated, the Court shall require a notice to be given to the contractor or others interested, to defend the same." There being no question raised as to whether or not the notice required by this section was given to the contractor, it is not necessary to consider it.

But it is insisted for appellant that the act of 1885 did not repeal the act of March 7th, 1877, McClellan's Digest, page 721, which requires "any such contractor, journeyman, or laborer, employed in the construction or * repair for any building, * may give notice to the owner thereof, in writing, setting forth the amount of his claim and the service rendered, for which his employer is indebted to him, and that he holds the owner responsible for the same, and the owner shall then be liable for such claim to the extent of the amount due from him to the employer at the time of notice, which may be recovered in action." But in this they are not correct.

Section 16, Article III, of the Constitution of 1885, provides that "each law enacted in the legislature shall embrace but one subject, and matter properly connected therewith, which subject shall be briefly stated in the title : and no law shall be amended or revised by reference to its title only; but in such case the act, as revised, or section as amended, shall be re-enacted and published at length."

The act of February 16th, 1885, expressly repeals all laws or parts of laws inconsistent with the same, including, of course, the third section of the said act of March 7th, 1877, for said third section was not re-enacted and published at length as required by Section 16, Article III of the Constitution.

But we do not wish it understood, however, that we in-

tend to decide that circumstances might not arise which would preclude the plaintiff from recovering in a case like that set up in the second plea. The evidence in the case at bar is not before us, and for that reason we can express no opinion as to whether such circumstances existed in this case as should preclude a recovery by the plaintiff or not.

There is this entry in the record, which, we presume, was made by the clerk: The following is a copy of the evidence as taken, to-wit: But if made by the clerk, it is a mere recital, and, therefore, amounts to nothing, as there is no part of the evidence incorporated in the bill of exceptions.

There was no error in overruling the demurrer to the declaration, nor was there any other error in the cause for which the judgment of the Circuit Court should be reversed.

The judgment is affirmed.