JOSEPH H. SCOTT, APPELLANT, VS. HENRY A. HEMPEL, APPELLEE.

MATERIAL-MAN'S LIEN—NOTICE TO OWNER NOT NECESSARY TO ACQUIRE UNDER ACT OF 1885.

Section 3, p. 722, McClellan's Digest (act of March 7th, 1877), requiring material-men, furnishing materials to building contractors, to give written notice to the owner of the building of the amount of their claim and that they hold such owner liable therefor, in order to acquire the lien created by such statute, was repealed by the act of February 16th, 1885. Under the latter act the material-man's lien was created without any such notice to the owner.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*C. G. Butt* for Appellant.

*Massey & Willcox* for Appellee.

TAYLOR, J.:

The appellee instituted his action at law in the Circuit Court of Orange county against the appellant to enforce a material-man's lien for the sum of $210.52

placed by him, under the statute of February 16th, 1885, Chapter 3611 of the laws of Florida, upon a building of the appellant, and the land upon which it was erected, into which the materials were put. The cause was referred to a referee for trial, who rendered judgment against the appellant for $256.80, for principal and interest, besides the costs, from which judgment the appeal is taken here.

The plea of the defendant was that he was never indebted as alleged, and *non assumpsit.*

At the trial before the referee the parties, by their respective attorneys, submitted the cause upon the following stipulation and agreement as to the facts : "That the defendant contracted with one H. E. Green that said Green should build a house for the defendant on the land described in the notice of lien, which land was owned by the defendant. That Green proceeded to erect said house, and during the progress of the work obtained from the plaintiff the lumber as stated in the account attached to the notice of lien, which lumber was used in said building. That the defendant through his agent settled in full with the contractor (Green), taking a receipt in full for the contract price; but before said settlement the plaintiff notified the defendant's said agent and had a conversation with him about said lumber, and in that conversation the defendant's said agent agreed to retain the sum of two hundred dollars out of the settlement with the contractor for the purpose of seeing the plaintiff paid. This, however, said agent failed to do. No written notice (as provided by the statute), was served by the plaintiff on the defendant or his agent until after the settlement in full with the contractor. All questions of law and fact are waived, except whether the verbal promise by the defendant's agent dispensed with the

necessity of written notice of the plaintiff's intention to hold the owner of the building liable. If the referee should be of the opinion that the promise dispensed with the necessity of written notice, judgment to be entered for the plaintiff with interest and costs; otherwise, judgment to be entered generally for the defendant."

The only error assigned is, that no notice was given *in writing* by the plaintiff to the defendant of his intention to hold him liable for the lumber furnished to the contractor, and that therefore the referee erred in finding for the plaintiff.

The sole contention of the appellant here is, that Section 3, p. 722 McClellan's Digest, act of March 7th, 1877, requiring material-men furnishing materials to building contractors, to give written notice to the owner of the building of the amount of his claim and that he holds such owner liable therefor, in order to acquire the lien given by the statute, is still in force, and that because such written notice was not given prior to the settlement in full by the defendant owner with his contractor, the plaintiff acquired no lien and could not recover. It is not very clear from the record before us exactly when the lien sought to be enforced here was acquired, as there are no dates to the account of the lumber filed by the plaintiff except some credits endorsed thereon in September and October, 1886, but as the suit to enforce the lien was not instituted until January, 1887, we presume that the materials were furnished, and the lien therefor acquired subsequently to the passage of the act of February 16th, 1885, Chapter 3611, giving a statutory lien to mechanics, material-men, etc. Assuming this to be true, the case of Barbour vs. Van Camp. 26 Fla., 40, 7 South. Rep., 162, is decisive of the question presented. In that case it

was expressly held that the act of February 16th, 1885, *supra*, repealed the said Section 3, p. 722 McClellan's Digest, of the act of March 7th, 1877, *supra;* and that under the act of 1885, no written or other notice was required to be given to the owner by material-men in order to acquire the lien given by that statute. The judgment appealed from is, therefore, affirmed.